**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHAPIRO ASSOCIATES, LP,**<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>**SOON TAE YOUNG d/b/a THINK CLEAN CLEANERS, et al.**<br><br>　　　　Defendants. | Case No.: 4:19-CV-07721-YGR<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

Pending before the Court is plaintiff and counter-defendant Shapiro Associates, LP's unopposed application for determination that its settlement with various defendants and counter-claimants was made in good faith.[1] (Dkt. No. 140.) Preliminarily, the application contains little by way of comparative data points or other context which would enable the Court to assess the impact of settlement on the non-settling defendants. Because plaintiff has made an insufficient good faith showing, the application is **DENIED WITHOUT PREJUDICE** to being refiled.

\* \* \*

By way of background, on April 5, 2024, Shapiro and the Settling Defendants notified the Court they had entered into a settlement of their respective claims in this case. (Dkt. No. 138.) Plaintiff filed an application for determination of good faith settlement shortly thereafter. (Dkt. No. 140.)

The California Supreme Court has found that "the intent and policies underlying [Cal. Code Civ. Proc.] section 877.6," the statute under which the Court assesses the instant application, "require that a number of factors be taken into account" by the trial court when determining whether a settlement has been made in good faith.[2] *See Tech-Bilt, Inc. v. Woodward-Clyde Assoc.'s*, 38 Cal.3d 488, 498–99 (Cal. 1985).

---

[1] These defendants and counter-claimants are Sue Biancalana and the Estates of Robert and Sue Biancalana, the Estate of Raymond Menzie and Sharon Dionne f/k/a Sharon Menzie, the Estate of Raymond Menzie d/b/a Norge Laundry Village, and Soon Tae Yang and Mi J. Yang. Together, these individuals and entities are referred to herein as the "Settling Defendants."

[2] These are (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability;" (2) "the amount paid in settlement;" (3) "a recognition that a settlor should

Here, plaintiff has failed to provide enough information for the Court to conduct the holistic assessment required. The application is generally sparse on detail and does not address, for example, the impact of settlement on the non-settling defendants. Accordingly, the application is **DENIED WITHOUT PREJUDICE** as it contains an insufficient showing that the settlement was made in "good faith."[3]

Separately, it is not at all clear why the non-settling defendants remain in this litigation. Plaintiff writes, in a footnote to the application, that the non-settling defendants "William Buck, Katherine Buck, and Grace Kim . . . are in default." However, this is only partially accurate. The Buck Defendants are in default (Dkt. No. 33), but Kim is not. While default was previously entered against her, it was subsequently set aside.[4] (Dkt. No. 68.) Thus, the Buck Defendants remain in default, and Kim, though not in default, has not defended this lawsuit in about four years. Plaintiff has not explained why it elected not to renew entry of default as to Kim and why it has not filed a motion for default judgment as to the Buck Defendants. This is particularly notable because, were the non-settling defendants removed from this case, there may be no need for an application for good faith determination of settlement.

The Court takes no position on whether, in light of this Order, plaintiff revises its application to address the above-identified deficiencies, or alternatively, seeks to dismiss and/or obtain judgment against the non-settling defendants, potentially obviating the need for such an application. However, the Court wishes for this matter, which has been pending for years, to resolve expeditiously. It therefore **SETS** a compliance deadline of **Friday, August 9, 2024 at 9:01 a.m.** for plaintiff to file a

---

pay less in settlement than he would if he were found liable after a trial;" (4) "the allocation of the settlement proceeds among plaintiffs;" (5) "the financial conditions and insurance policy limits of settling defendants;" and (6) evidence of "any collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants." *Tech-Bilt*, 38 Cal.3d at 499. Even read in the light most favorable to plaintiff, (5) and (6) are entirely unaddressed by the application. The remaining factors are given short shrift or addressed in a conclusory manner, if at all.

[3] Given this ruling, the Court does not reach the question of whether the settlement is fair, adequate, and reasonable consistent with the objectives of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq*.

[4] Kim is also noncompliant, for that matter, with a court order requiring her to "file a responsive pleading to the Complaint within thirty (30) days" of March 13, 2020. Dkt. No. 68 at 2.

statement informing the Court of how it intends to proceed.[5] Five (5) business days prior to the compliance deadline, plaintiff shall file a statement not to exceed three (3) pages in which it responds to the topics raised in this Order. All compliance deadlines are decided on the papers, and personal appearances are not necessary. If compliance is complete, the compliance deadline will be vacated. Failure to timely comply with the compliance deadline may result in sanctions or an additional conference being set.

This terminates Dkt. No. 140.

**IT IS SO ORDERED**.

Dated: July 18, 2024

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] The filing of motions for default judgment, entry of default, and/or for appointment of good faith settlement shall also satisfy this requirement.

3