John R. Till     SBN 178763   JTill@PaladinLaw.com
Kirk M. Tracy    SBN 288508   KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA 94595
(925) 947-5700

Counsel for Plaintiff and Counter-Defendant
Shapiro Associates, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAPIRO ASSOCIATES, a California limited partnership,<br><br>        *Plaintiff*,<br>  v.<br><br>SOON TAE YANG, dba THINK CLEAN CLEANERS, *et al.*,<br><br>        *Defendants*.<br><br>AND RELATED CROSS ACTIONS. | Case No. 4:19-cv-07721-YGR<br><br>COURT-ORDERED STATEMENT RESPONDING TO TOPICS RAISED IN ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT (Dkt. No. 147)<br><br>Action filed: November 25, 2019<br>Discovery cut-off: none set<br>Trial date: none set |

## INTRODUCTION

The Court recently denied without prejudice plaintiff and counter-defendant Shapiro Associates, LP's ("Shapiro") unopposed application for determination that its settlement with various defendants and counter-claimants was made in good faith, finding that Shapiro had made an insufficient showing of good faith.[1] (Dkt. No. 147 at 1:13–14, 2:3–4.) In its Order, the Court directed Shapiro, on Friday, August 2, to "file a statement not to exceed three (3) pages in which it responds to the topics raised in this Order." (Dkt. No. 147 at 3:1–3.) Shapiro hereby responds, as directed, to the topics raised in the Court's Order.

---

[1] These defendants and counter-claimants are Sue Biancalana and the Estates of Robert and Sue Biancalana, the Estate of Raymond Menzie and Sharon Dionne f/k/a Sharon Menzie, the Estate of Raymond Menzie d/b/a Norge Laundry Village, and Soon Tae Yang and Mi J. Yang. Together, these individuals and entities are referred to herein as the "Settling Defendants."



TOPICS RAISED IN COURT ORDER (DKT. NO. 147)

In its Order denying without prejudice Shapiro's unopposed application for a determination that its settlement was made in good faith, the Court noted that *Tech-Bilt, Inc. v. Woodward-Clyde Assoc.'s,* 38 Cal.3d 488, 498–99 (Cal. 1985) "'require[s] that a number of factors be taken into account' by the trial court when determining whether a settlement has been made in good faith" but that the application "fail[s] to provide enough information for the Court to conduct the holistic assessment required." (Dkt. No. 147 at 1:19–2:2 & n. 2 [noting that factors "(5) and (6) are entirely unaddressed by the application" and that "[t]he remaining factors are given short shrift or addressed in a conclusory manner, if at all"].)

In its Order, the Court also noted that "the application contains little by way of comparative data points or other context which would enable the Court to assess the impact of settlement on the non-settling defendants." (Dkt. No. 147 at 1:11–13, 2:2–3.) The Court also questioned "why the non-settling defendants remain in this litigation" (Dkt. No. 147 at 2:5–10) and "why [Shapiro] elected not to renew entry of default as to Kim and why it has not filed a motion for default judgment as to the Buck Defendants" given that, "were the non-settling defendants removed from this case, there may be no need for an application for good faith determination of settlement." (Dkt. No. 147 at 2:10–13.)

RESPONSES TO TOPICS RAISED IN COURT ORDER (DKT. NO. 147)

In response to the Court's Order, the Settling Parties have decided to refile their application as a joint motion, this time with sufficient information for the Court to conduct the holistic assessment required by *Tech-Bilt* and to assess the impact of the settlement on non-settlors. The Settling Parties intend to file their motion by Friday, August 9, 2024, and will serve it on all non-settlors, just as Shapiro did with its earlier application. (Dkt. No. 142 at 3–4.)

In addition, Shapiro will dismiss its claims against the non-settling defendants (William and Katherine Buck and Grace Kim) without prejudice on the condition that the Court grant the Settling Parties' joint motion and provide the Settling Parties the relief they request in that motion, including, in particular, an order barring claims against them for contribution or indemnity related to matters covered by the settlement and the establishment of the remediation trust. Shapiro can



add this dismissal of the non-settling defendants to the proposed order to be submitted for the good faith determination.

Finally, in response to the Court's comment that "there may be no need for an application for good faith determination of settlement" if "the non-settling defendants removed from this case," (Dkt. No. 147 at 2:10–13), the determination by the Court that the settlement was made in good faith (see Cal. Civ. Proc. Code § 877.6(a)(2)), and the resulting protection from contribution and indemnity claims that that determination provides (see e.g., id. at (c)), is an indispensable condition of the settlement. Without it, there will be no settlement. While the Settling Parties anticipate that their involvement in litigation concerning the site at issue here will end with their settlement, they cannot and are not willing to risk the possibility of being drawn into any additional litigation that may arise involving the site; they require, as a condition of their settlement, the finality and contribution protection that a good faith settlement determination affords. This type of good faith determination is very common in environmental matters that involve joint and several liability and allows all of the settling parties to have peace of mind that they have resolved their liability.

Respectfully submitted,

DATED: August 2, 2024                                PALADIN LAW GROUP® LLP

/s/ *John R. Till*

John R. Till
Kirk M. Tracy
Counsel for Shapiro Associates, LP